UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICARDO PIERRE-LOUIS,<br><br>       Movant<br>v.<br><br><br>UNITED STATES OF AMERICA,<br><br>       Respondent | )<br>)<br>)<br>)<br>)  2:04-cr-00023-GZS<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION**

The recent United States Supreme Court decision of <u>Missouri v. Frye</u>, __ U.S. __, 132 S. Ct. 1399 (2012), prompted Ricardo Pierre-Louis to file a letter to the sentencing judge asking the Court to investigate whether there was an earlier, more lenient plea offer which was never conveyed to him.  His filing prompted the Clerk's Office to docket the letter as a motion for reconsideration of conviction and motion to vacate sentence pursuant to 28 U.S.C. § 2255.  This prompted the Government's response to the motion deadline (no order to answer was ever issued by me), which then prompted Pierre-Louis's reply, explaining that he was not trying to file a second Section 2255 motion, but just wanted the Court to investigate this matter for him.  Following receipt of his reply, the Court referred the matter to me for a recommended decision.

Pierre-Louis filed a previous Section 2255 petition on August 17, 2007 (Civil Case No. 07-cv-00144-GZS).  Judge George Singal affirmed my recommended decision and ordered that the Petition be denied.  (ECF No. 20.)  On April 28, 2008, Mr. Pierre-Louis requested a certificate of appealability (ECF No. 29), which Judge Singal denied on April 29 and 30, 2008 (ECF Nos. 30 and 32).  Petitioner appealed to the First Circuit Court of Appeals.  The Mandate from the First Circuit entered on September 10, 2008, and denied the request for a certificate of

appealability because "Petitioner has failed to make a 'substantial showing of the denial of a constitutional right.'" (ECF No. 36, quoting 28 U.S.C. § 2253(c)(2).)

Section 2255 provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, <u>made retroactive</u> to cases on collateral review <u>by</u> the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added).[1]

Pierre-Louis's efforts to get 28 U.S.C. § 2255 review is governed by 28 U.S.C. § 2255(h) and he must proceed by seeking the certification of the First Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3)(A). Accordingly, I recommend that the Court **DISMISS** this motion.

If, as Pierre-Louis indicates in his reply (ECF No. 542), his letter was never intended as a second Section 2255 motion, but was merely a request "for help to obtain a copy from the government through this Court's channel in order to prepare for [his] Second or Successive Motion under § 2255" then I recommend that the Court deny the letter motion. Obviously this Court's files do not contain any plea agreements involving the Government and Pierre-Louis and there is no authority for the Court to order discovery from the Government in the absence of a pending petition and operation of Rule 6 of the Rules Governing Section 2255 Proceedings. I realize that Pierre-Louis may think that this creates a catch-22 because he cannot obtain leave

---

[1] See <u>Hamlin v. United States</u>, Civ. No. 05-11-B-S, 2005 WL 102959, *1 (D. Me. Jan. 12 2005) ("The problem for [the § 2255 movant] is that Congress has expressly provided in § 2255[(h)] that in order for defendants who have completed their first complimentary round of § 2255 review to reap any benefit from a new rule—such as those announced in . . . <u>Booker</u> . . . —the United States Supreme Court must, itself, explicitly make the case retroactive to cases on collateral review.") (citing <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 11 (1st Cir. 2000)). Presumably that theory would apply to <u>Missouri v. Frye</u> as well, if Pierre-Louis had indeed presented a second petition for § 2255 review, which he claims not to have done in any event.

from the Court of Appeals without this preliminary discovery, but if he has reason to believe that such a plea offer ever existed he can certainly present his own evidence by way of affidavits.

## CONCLUSION

For the reasons stated above, I recommend that the Court deny Pierre-Louis relief under 28 U.S.C. § 2255 and dismiss the petition without prejudice to petitioner's right to pursue whatever relief may be available under § 2255 (h).  I further recommend that a certificate of appealability should not issue in the event Pierre-Louis files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).  If the letter request was nothing more than a request that this Court investigate the Government's files to see if any plea offers were ever made, I recommend that the Court deny the motion because it has no authority to conduct such discovery on behalf of Pierre-Louis.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 25, 2012                    /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge