UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICARDO PIERRE-LOUIS, | ) | |
| Movant | ) ) | |
| v. | ) ) | 2:04-cr-00023-GZS-3 |
| | ) | 2:07-cv-00144-GZS |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) ) | |

### RECOMMENDED DECISION ON
### RULE 60(b)/28 U.S.C. § 2255 MOTION

Ricardo Pierre-Louis is serving a life sentence upon conviction for conspiring to possess with the intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). That provision requires that: "If any person commits a violation of this subparagraph … after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." Id. Pierre-Louis had two or more final prior felony drug offenses. After pursuing an unsuccessful direct appeal, Pierre-Louis filed a 28 U.S.C. § 2255 motion containing six grounds. I recommended denying him relief under section 2255, which recommendation was accepted by the District Court judge. On July 17, 2008, the First Circuit Court of Appeals denied a certificate of appealability and terminated Pierre-Louis's appeal. The post-conviction judgment from the Court of Appeals acknowledged that Pierre-Louis was serving a statutory mandatory life term due to his prior felony convictions and noted that his five alleged constitutional errors were either foreclosed by prior precedent or simply lacked merit.

Since 2008, Pierre-Louis has filed a number of additional motions. In December 2008, he filed a Motion for Visitation Rights related to the manner in which the prison was limiting his significant other's access to him while incarcerated. The Court denied the motion in a text entry. (ECF No. 520.) Pierre-Louis then filed a Motion to Reduce Sentence Regarding Crack Cocaine Amendment, which the Court denied because Pierre-Louis's sentence was based upon the two prior felony convictions and not the amount of cocaine. (ECF No. 523.) Pierre-Louis unsuccessfully attempted an appeal of that denial. In 2012, Pierre-Louis filed a Motion for Reconsideration of Conviction and Motion to Vacate Sentence. The recent United States Supreme Court decision of <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), prompted Ricardo Pierre-Louis to file a letter request to the sentencing judge, treated as the above-described motion, asking the Court to investigate whether there was an earlier, more lenient plea offer which was never conveyed to him. The Court referred the matter to me for a recommended decision. I recommended denying relief, which recommendation was affirmed by the District Court.

On July 1, 2013, Pierre-Louis filed the current Motion for Relief from Judgment (ECF No. 546). The District Court reserved ruling and ordered the Government to respond to the motion. The matter has now been referred to me for a recommended decision and I recommend summarily denying relief because this is a second or successive petition, despite the title given the motion and the movant's attempt to invoke Rule 60(b) of the Federal Rules of Civil Procedure.

## Discussion

In his most recent pleading, Pierre-Louis attempts to make the case that the effect of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), is that two prior state convictions that were alleged in an information filed pursuant to 21 U.S.C. § 851 could not be used to subject him to a statutory mandatory minimum term of life in prison because the jury did not find the prior convictions proven beyond a reasonable doubt. Pierre-Louis never before challenged the fact of

2

the prior convictions. Pierre-Louis acknowledges that limitations on successive section 2255 petitions exist, but he claims that relief by way of section 2255 was inadequate or ineffective and thus relief from judgment (presumably the judgment in the first section 2255 petition) is now appropriate, pursuant to Rules 60(b) and 60(d), in order for him to mount a challenge to his conviction under the newly-minted Alleyne decision.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which, among other things, introduced a bar against federal prisoners filing second or successive habeas motions absent certification by the appropriate court of appeals that a motion contains either (1) newly discovered evidence capable of establishing by a clear and convincing evidentiary standard that no reasonable factfinder would have found the prisoner guilty or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (referencing the certification requirement of 28 U.S.C. § 2244). Based on this statutory provision, a district court lacks jurisdiction to address the merits of a second or successive habeas motion attacking a federal conviction or sentence "unless and until the court of appeals has decreed that it may go forward." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). See also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rules Governing Section 2255 Cases, Rule 9 (imposing the same requirement).

Pierre-Louis attempts to avoid the jurisdictional bar by advancing his motion not as a 2255 motion, but rather as a Rule 60 motion for relief from the order denying his initial section

2255 motion, thereby opening the way for a successive challenge to his underlying criminal conviction. Pierre-Louis relies on subsections (b)(1)-(6) and (d)(1) of Rule 60. The gist of his argument is that Rule 60(b) permits the court to "relieve a party . . . from a final judgment" because it is based on another judgment that has been reversed or vacated or for, essentially, any reason not otherwise identified in the Rule. Fed. R. Civ. P. 60(b)(5), (6). This approach runs headlong into the section 2255(h) bar because Pierre-Louis's Rule 60 motion is, in substance, a renewed section 2255(a) motion asserting that his sentence was imposed in violation of the Constitution based on the Alleyne decision. Pierre-Louis has not mounted a challenge that impugns the validity of the earlier section 2255 judgment, he is arguing the criminal conviction judgment is improper in light of new Supreme Court precedent. In order to make that argument, he must get leave from the Court of Appeals.

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [paragraph] 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler, 536 F.3d at 97 (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)). In fact, the First Circuit Court of Appeals has pointedly held that a Rule 60(b) motion challenging the constitutionality of an underlying conviction or sentence should be treated as a second or successive filing under the AEDPA. Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam) (involving a section 2255 motion); Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (involving a section 2254 petition). Exceptions to this rule are recognized when the Rule 60(b) motion challenges a non-merits-based judgment, such as a prior ruling on the AEDPA statute of limitations or a prior default, Gonzalez v. Crosby, 545 U.S. 524, 533-34, 538 (2005), but such an exception is not present here. Here, Pierre-Louis is asserting a constitutional error in the imposition of the mandatory life sentence and, consequently, he is

4

subject to the AEDPA requirement that he obtain a certificate from the Court of Appeals because this is not his first section 2255 motion.  See id. at 531-32 & n.4 (stating that a Rule 60(b) motion presents a successive habeas petition if it challenges a claim previously denied on the merits and does so based on a change in the substantive law);  see also Rodwell, 324 F.3d at 70 ("When the [Rule 60(b)] motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition.").  As the Court of Appeals observed in Rodwell, the AEDPA regimen for restricting district court action on second or successive habeas motions and petitions is "harsh," but it is something that this court is not free to disregard.  324 F.3d at 72.  Under the circumstances, the court must dismiss Pierre Louis's Rule 60(b) motion for lack of subject matter jurisdiction.  Id. at 73.

## Conclusion

For the reasons set forth above, I recommend that the Court summarily deny this motion and recommend that the Court deny a certificate of appealability.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 26, 2013

/s/Margaret J. Kravchuk
U.S. Magistrate Judge