UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICARDO PIERRE-LOUIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:04-cr-00023-GZS-3 |
| | ) | 2:20-cv-00239-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON GOVERNMENT'S MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF PERTINENT INFORMATION**

Petitioner has moved pursuant to section 2255 to vacate, set aside or correct his sentence. (Section 2255 Motion, ECF No. 633.) The matter is before the Court on the Government's motion for a Court order authorizing disclosure of pertinent information. (Motion, ECF No. 672.)

After a trial in November 2004, a jury found Petitioner guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Second Superseding Indictment, ECF No. 191; Jury Verdict, ECF No. 347.) Based on Petitioner's prior convictions and based on the penalty provisions in effect at the time of Petitioner's sentencing in March 2005, Petitioner was subject to a mandatory life sentence. (Information, ECF No. 287; Presentence Investigation Report (PSR) ¶ 13.) The Court sentenced Petitioner to life in prison. (Judgment, ECF No. 400.) The First Circuit affirmed. (Judgment of the First Circuit Court of Appeals, ECF No. 472).

Petitioner pursued an unsuccessful § 2255 motion in 2008, (Order, 2:07-cv-00144-GZS, ECF No. 20), and in 2012, he filed another § 2255 motion that was denied as a second or successive petition.  (Recommended Decision, ECF No. 543; Order, ECF No. 560.)  In October 2019, Petitioner filed a motion to reduce his sentence pursuant to the retroactive penalty changes in the First Step Act of 2018.  (First Motion to Reduce Sentence, ECF No. 619.)  In November 2019, the Court reduced Petitioner's sentence to 300 months in prison.  (Order, ECF No. 625.)

In March 2020, Petitioner filed another motion challenging the guideline calculations the Court used when it reduced his sentence.  (Second Motion to Reduce Sentence, ECF No. 627.)  Petitioner argued he should no longer be classified as a career offender, which he asserted would have reduced his resentencing guideline range from 360 months–life to 262–293 months.  (*Id.*)  The Court construed Petitioner's filing as a motion to reconsider and denied the motion.  (Order, ECF No. 630.)  Petitioner appealed from that order; the First Circuit affirmed.  (Notice of Appeal, ECF No. 631; Judgment of the First Circuit Court of Appeals, ECF No. 661.)

In his section 2255 motion, Petitioner asserts an ineffective assistance of counsel claim.  The Court ordered the Government to respond to Petitioner's section 2255 motion.  (Order to Answer, ECF No. 645.)  The Government responded to Petitioner's § 2255 motion (ECF No. 673) but through this motion, the Government requests information to address Petitioner's ineffective assistance claim completely. (Motion at 2.)  In the motion, the Government writes:

> [T]he Government respectfully requests that this Court issue an Order finding that Pierre-Louis has waived his attorney-client privilege as to the matters raised in his § 2255 motion and directing Federal Defender Beneman to provide an affidavit or declaration addressing all pertinent information that he believes is reasonably necessary to fairly respond to Pierre-Louis's ineffective assistance of counsel accusations against him.

(Motion at 3, ECF No. 672.)

"[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). "Section 2255 petitioners alleging ineffective assistance of counsel waive, to a limited extent, attorney-client privilege." *United States v. Stone*, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (citing *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009)).[1] "This implied waiver rests on the 'fairness principle' that 'prevent[s] a party from using the privilege as both a shield and a sword.'" *Id.* (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003)). The waiver must be "'no broader than needed to ensure the fairness of the proceedings before it.' In habeas petitions claiming ineffective assistance of counsel, waiver is limited to materials concerning the alleged failure to provide the defendant with adequate representation." *Id.* (quoting *Bittaker*, 331 F.3d at 720).[2]

---

[1] In *United States v. Stone*, 824 F. Supp. 2d 176 (D. Me. 2011), the Court held that (1) the Magistrate Judge properly exercised her discretion by ordering a deposition of counsel with the Government and Petitioner's counsel present; (2) the Magistrate Judge's order did not improperly expand the scope of the attorney-client privilege "to apply to a non-testimonial, informal Government interview with counsel;" (3) the Magistrate Judge's decision did not conflict with the Maine Rules of Professional Conduct, in part because the dispute was governed by the Section 2255 rules, not Maine's bar rules; (4) the Magistrate Judge properly tailored the discovery order to the facts of the case. *Id.* at 186.

[2] Although the Court in *Stone* stated that the decision was limited to the facts of the case and should not be construed to establish a new precedent in this District (*id.* at 189), the Court's reasoning and approach are sound. That is, while a habeas petitioner alleging ineffective assistance of counsel necessarily waives the

When a court authorizes the disclosure of privileged information, the court has an obligation to ensure that the Government does not disclose the information or materials except to the extent necessary to respond to a petitioner's motion. *Bittaker*, 331 F.3d at 727. In *Bittaker*, the Ninth Circuit noted that "the narrow waiver rule . . . is not self-enforcing." *Id.* The court explained:

> [U]nlike the usual situation where those given access to confidential materials have an independent ethical, and perhaps legal, obligation to maintain that confidence (such as the ethical constraints on lawyers, doctors and the clergy), those who are given access to confidential attorney-client materials under our limited waiver rule have no such obligation or incentive. Given this absence of external constraints (external to the case), district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.

*Id.* at 727-28.[3]

Given Petitioner's allegation that counsel failed to follow Petitioner's oral instruction to file an appeal, the Government's request for information from Petitioner's counsel is reasonable. The Court is also convinced that counsel can provide the information in a way that respects the limited waiver of the attorney-client privilege that is a consequence of Petitioner's ineffective assistance claim. Accordingly, the Court grants

---

attorney-client privilege, the waiver is limited to the information that is relevant to the Sixth Amendment claim and the Court should authorize the Government to obtain the information through the least intrusive means available.

[3] *Bittaker* concerned a petition filed under 28 U.S.C. § 2254, and thus the respondent in that case was the state. Nonetheless, the same principle applies to section 2255 actions, in that the Government in a section 2255 action may use privileged information only for purposes of defending against the claims of ineffective assistance of counsel. *See United States v. Pinson*, 584 F.3d 972, 987-79 (10th Cir. 2009).

the Government's motion and orders that Petitioner's former counsel is authorized to provide the Government with a declaration that addresses Petitioner's claim that counsel failed to file a notice of appeal as directed by Petitioner.

Because Petitioner may object to this order within fourteen days, to allow Petitioner the opportunity to object before the limited waiver is effective, former counsel shall defer providing the declaration until after the objection has expired, provided Petitioner does not file an objection. If Petitioner files an objection within the objection period, this order shall be stayed and the Court's ruling on the objection will govern whether Petitioner's former counsel may provide the declaration.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of May, 2023.